Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for the Debtor*
399 Knollwood Road, Suite 205
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| DERRICK GODFREY, | CASE NO. 20-22954 (SHL) |
| DEBTOR | |

---------------------------------------------------------X

**DEBTOR'S APPLICATION FOR APPROVAL OF THE SALE OF THE DEBTOR'S RIGHT, TITLE AND INTEREST IN HIS PROPERTY FREE AND CLEAR OF ALL CLAIMS PURSUANT TO 11 U.S.C. § 363(b) AND (f)**

**TO:   THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

The application of the debtor Derrick Godfrey (the "Debtor") through his attorneys Cushner & Associates, P.C. for approval of the sale of the Debtor's right, title and interest in his real property located at 126 Lord Kitchener Road, New Rochelle, NY 10804 free and clear of all claims pursuant to 11 U.S.C §§ 363(b) and (f) and respectfully sets forth and alleges as follows:

**BACKGROUND, ASSETS AND LIABILITIES**

1. On August 21, 2020, the debtor, Derrick Godfrey (the "Debtor") filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code") and an order of relief was duly entered.

2. Krista Preuss serves as the Chapter 13 trustee (the "Trustee").

3. The Debtor's primary asset consist of the real property located at 126 Lord Kitchener Road, New Rochelle, NY 10804 (the "Property").

4.    The Property is an asset identified in the Debtor's Stipulation of Settlement in his divorce proceeding.

5.    Joseph A. Maria, Esq. (the "Receiver") was appointed as a receiver pursuant to an Order dated March 4, 2020, signed by the Hon. Lewis J. Lubell, J.S.C. (the "Order Appointing Receiver")

6.    In accordance with the Order Appointing Receiver and the Stipulation and Order Between the Debtor and Former Spouse Florence Lynn Godfrey Confirming Applicability of Automatic Stay and Dischargeability of Claims (the "Stipulation and Order") signed and entered on this Court's docket at Doc. No. 19, the Receiver has been given the authority to market and sell the Property.  (Annexed hereto as **Exhibit "A"** is a copy of the Receiver's Affidavit in Support of Sale).

7.    The Property has a fair market value of $775,000.00 according to the Debtor's appraisal.  (Annexed hereto as **Exhibit "B"** is a copy of the appraisal).

8.    Prior to the Petition Date, the Property was encumbered by a first mortgage lien held by first mortgage lien held by Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association as trustee of Tiki Series IV Trust ("Rushmore") pursuant to a note and secured by a mortgage against the Property recorded in the Westchester County Clerk's Office on August 29, 2007, at Control No. 472330256 in the original principal amount of $880,000.00.

9.    On or about September 29, 2020, Rushmore filed a proof of claim, as a secured claim, Claim No. 6 in the amount of $1,275,952.02.  (Annexed hereto as **Exhibit "C"** is a copy of the Transfer Agreement 3001(e)(2), transferring the claim from MTGLQ Investors, LP to Rushmore with the amount of Rushmore's claim).

2

## THE PROPOSED SALE OF THE PREMISES

10. The Receiver on behalf of the Debtor has entered into an agreement to sell the Property to Glorianne Mattesi (the "Purchaser"). There is no relationship between the Debtor, the non-debtor ex-wife, the Receiver, and the Purchaser.

11. The principal terms to the Contract of Sale (the "Contract") are as follows: (i) the asset transferred consists of the Property described above; (ii) the purchase price is $800,000.00 to be paid as follows: $40,000.00 deposit to be held in escrow and balance $760,000.00 to be payable at closing; (iii) the Debtor, the Debtor's non-debtor ex-wife, and the Receiver are not related to the Purchaser, and (iv) any profits realized above the payoff required by the lenders will be put into the Chapter 13 Plan. (Annexed hereto as **Exhibit "D"** is a copy of the Contract).

12. Therefore, by application, the Debtor seeks an order from this Court (i) authorizing the sale of the Property to the Purchasers to the terms set forth in the Contract; and (ii) authorizing the payment of secured debt and closing costs.

## JURISDICTION AND LEGAL ANALYSIS

13. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code, Rule of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

14. Pursuant to section 541(a) of the Bankruptcy Code, upon the filing of the Debtor's Chapter 13 petition, the Property became property of their estate in bankruptcy.

15. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, a Debtor may sell property of the estate other than in the ordinary course of business.

16. The standard for determining whether a sale outside the ordinary course of business should be approved is whether the sale is in the best interests of the estate. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Jonosphere Clubs*, 100 B.R. 670, 674-75 (Bankr. SDNY 1989). Indeed, there must be some articulated business justification for the sale. *Lionel* at 1070.

17. In making this determination, a court should consider, among other factors, the amount of time elapsed since the petition was filed, the proceeds to be obtained from the disposition compared to appraisals of the property, whether the assets were increasing or decreasing in value, and whether parties opposing the sale produced evidence that the sale was not justified. *In re Thomas McKinnon Sec., Inc.*, 120 Bankr. 301, 308 (Bankr. SDNY1990).

18. If a court finds sufficient business reason for the transaction, it must then decide whether (i) notice has been given to all creditors and interested parties; (ii) the purchaser is proceeding in good faith; and (iii) the sale contemplates a fair and reasonable price. *In re Delaware & Hudson Ry. Co*., 124 Bankr. 169, 176 (D. Del. 1991).

19. In applying the foregoing factors to the instant case, it is clear that the proposed sale is in the best interests of the Debtor's estate and the creditors therein.

20. First, the Debtor filed the instant bankruptcy on August 21, 2020. Second, the proposed sale is for an amount greater than the fair market value of the Property. Third, the proposed sale will benefit the Debtor and his creditors.

21. Moreover, the Debtor does not have the time or financial resources to invest in the Property; therefore, the value of the asset/Property is decreasing in value. Section 363(f) of the Bankruptcy Code permits a Debtor to sell property of the bankruptcy estate free and clear of all liens and encumbrances, only if: (a) applicable non-bankruptcy law would permit such a sale; (b)

the entity holding the lien consents; (c) the interest is a lien and the sales price exceeds the aggregate value of all liens; (d) the interest is in bona fide dispute; or (e) the entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

22. In the instant action, the Property is encumbered by a first mortgage lien held by Rushmore, the amount of which is more than the value of the Property.

23. There is some divide between the courts as to the meaning of the phrase in 363(f)(3) "greater than the aggregate value of all liens on such property." Some courts have interpreted the language in 363(f)(3) to mean that the sale price must be higher than the face value of the liens, while other courts have interpreted the language in 363(f)(3) to mean the "economic value" of the liens based upon the current value of the property.

24. The Debtor proposes that the line of cases that interpret the language in 363(f)(3) to mean the economic value of the liens, is the more logical reading of the statute. Section 363(f)(3) "should be interpreted to mean that the price must be equal to or greater than the aggregate value of the liens asserted against it, not their amount. The "value" of a lien is to be determined by reference to section 506(a) — that is, it is the amount by which the lienholder's claim is actually secured." *In re Boston Generating, LLC*, 440 B.R.302, 332 (Bankr. S.D.N.Y. 2010) citing *In re Beker Industries Corp.*, 63 B.R. 474, 475 (Bankr. S.D.N.Y. 1986).

25. As summarized by one recent bankruptcy court opinion, if the language "the value of all liens" in 363(f)(3) meant the face value of all liens, subsection 363(f)(3) would be rendered meaningless. "First, Section 363(f)(3) talks about the "value" of the liens, not the amount of the liens. Secondly, if Section 363(f)(3) were held to require payment in full of the face amount of all liens, there would seem to be little reason for the provision. A sale which

5

results in the payment in full of the liens, of course, is free and clear of them." I*n re Bay Circle Props*., 2017 Bankr. LEXIS 438 *9 (Bankr. N.D. Ga. Feb. 14, 2017). The dictionary defines "value" as "the monetary worth of something: market price" "value." Merriam-Webster Online Dictionary. 2019. http://www.merriam-webster.com  (11 March 2019).

26.     Furthermore, interpreting the "aggregate value of all liens" to mean the "economic value" of the liens is consistent with the interpretations provided to unsecured liens under other sections of the bankruptcy code. See *In re Rifkin*, 124 B.R. 626, 629 (Bankr. E.D.N.Y. 2011) (J. Duberstein) ("This Court is of the opinion that the view adopted by a majority of the jurisdictions is correct and that the unsecured portion of an undersecured debt should be included in the § 109(e) determination."); *In re Wimmer*, 512 B.R. 498, 510 (Bankr. S.D.N.Y. 2014) (J. Morris) quoting *In re Scovis*, 249 F. 3d 975, 983 (9th Cir. 2001) ("Through the inclusion of a § 506(a) analysis to define "secured" and "unsecured" in the § 109(e) context, a vast majority of courts, and all circuit courts that have considered the issue, have held that the unsecured portion of undersecured debt is counted as unsecured for § 109(e) eligibility purposes.")

27.     The line of cases that interpret the term "aggregate value" in 363(f)(3) to mean the "face value of the liens", are based largely on the argument that "[i]f the "aggregate value of all liens" means the total amount of allowed secured claims as used in 11 U.S.C. § 506(a), "then [§363(f)(3)] could never be used to authorize a sale free and clear in circumstances …. when the claims exceed the value of the collateral that secures them. In such cases, the amount of allowed secured claims will only ever equal the sale price." *In re Flour City Bagels, LLC*, 557 B.R. 53, 88 (Bankr. W.D.N.Y. 2016).

28.     It is submitted that the proposed sale satisfies Section 363(f) in that it is consistent with subsection (a) applicable non-bankruptcy law would permit such a sale; and (c) the purchase price is sufficient to satisfy the economic value of the lien held by Rushmore as per this Debtor's appraisal the property has a fair market value of $775,000.00; and (e) the entity holding the lien could be compelled in a legal or equitable proceeding to accept money in satisfaction of its interest.

29.     Notice and a copy of this Application have been served on all parties in interest and their attorneys, if known (including the Office of the United States Trustee, counsel for the Purchasers, and all creditors). It is respectfully submitted that such service is appropriate under the circumstances.

30.     Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that the Court grant the relief requested herein and all such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       March 10, 2021

                                            **CUSHNER & ASSOCIATES, P.C.**

                                By:     */s/ Todd S. Cushner*____
                                         Todd S. Cushner, Esq.
                                         Cushner & Associates, P.C.
                                         *Attorneys for Debtor*
                                         399 Knollwood Road, Suite 205
                                       White Plains, New York 10603
                                       (914) 600-5502 / (914) 600-5544
                                       todd@cushnerlegal.com